The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY JAHR, et. al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA<br><br>　　　　Defendant. | No. C14-1884-MJP<br><br>**UNOPPOSED MOTION TO EXTEND DEADLINES**<br><br>NOTED FOR CONSIDERATION:<br>Friday, February 26, 2016 |

Plaintiffs Tracy Jahr, Brenda Thomas, Timothy York, and W. Brett Roark, by and through their undersigned attorneys, respectfully move this Court, pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rule 16, to extend all deadlines in this case, including extending the discovery deadline to September 14, 2016; and the trial date to January 9, 2017, or as soon thereafter as the Court may accommodate. Defendant does not oppose this motion.

**STATEMENT OF THE CASE**

This is a wrongful death case stemming from the murder of Plaintiffs' teenage children—Michael Roark and Tiffany York—by a group of active-duty Army servicemen stationed at Fort Stewart, Georgia, who had formed a terrorist militia bent on killing untold numbers of civilians in the hopes of one day taking over the country. *See generally* Dkt. # 1

MOTION TO EXTEND DEADLINES - 1
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

(Complaint). Plaintiffs' claims arise under the Federal Tort Claims Act based on multiple negligent actions and omissions on the part of the United States Army and its employees that directly enabled and facilitated the formation of this illegal extremist group, including, *inter alia*, financing the militia by paying its founder—Pvt. Isaac Aguigui—half a million dollars in death benefits after he murdered his wife (a fellow soldier) and unborn son. That money was used to recruit other soldiers to his cause, and ultimately to buy tens of thousands of dollars of arms, including the gun that was used to kill Michael and Tiffany on December 5, 2011—the night before they planned to leave and return to the West Coast where they grew up.

## PROCEDURAL HISTORY REGARDING DISCOVERY

This Court's original scheduling order included a discovery deadline of February 12, 2016 with a bench-trial beginning on July 11, 2016. Dkt. #10 at 1-2. This schedule was based on timing assumptions reflected in the Court's initial January 12, 2015 Order. Dkt. No. 6. Pursuant to that order, Plaintiffs timely filed their initial disclosures on February 17, 2015. Defendant was unable to timely file its initial disclosures, but the Parties conferred and agreed in the Rule 26(f) Report that they were due "no later than March 13, 2015." Dkt. No. 9, at ¶ 5(A). Presumably due to the complexity of the case and the number of witnesses involved, however, Defendant was late again, serving its initial disclosures on April 21, 2015. Ex. A.

Defendant's disclosures listed 78 individuals likely to have discoverable information that Defendant may use to support its claims or defenses. *Id.* at 1.[1] They also promised that Defendant was "in the process of producing thousands of pages of records pertaining to this incident" that would "be produced shortly." *Id.* at 1, 12. Despite this optimistic statement, no

---

[1] In fact, discovery to date has shown that several important witnesses were not included on even that voluminous list.

MOTION TO EXTEND DEADLINES - 2
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

documents were produced by the Defendant for the next several months. After the first month passed, Plaintiffs served Defendants with its First Requests for Production of Documents on May 26, 2015. Almost three months later, on August 18, 2015, Defendant produced over 16,000 pages of records, Ex. B, along with an additional 5,000 pages one month later.

Over the next several months, Plaintiffs' counsel conducted the arduous process of reviewing these documents, while simultaneously responding to interrogatories and document requests from Defendant, preparing Plaintiffs to be deposed by the Defendant, and arranging expert reports. Unfortunately, the attorney primarily responsible for reviewing and summarizing Defendant's massive production joined a new firm in October 2015, requiring Plaintiffs' counsel to spend time replicating his review efforts. In light of this further setback, combined with the limited availability of Defendant's counsel, the Parties filed a joint stipulation and proposed order to extend deadlines, which this Court approved and issued on November 23, 2015. *See* Dkt. #16 at 2-3. This stipulation afforded the parties an additional month to complete discovery, with a current deadline of March 14, 2016.

The parties have worked diligently since then to complete discovery, having exchanged multiple expert reports, conducted thirteen depositions, and served and responded to numerous interrogatories and requests for production. Nevertheless, these efforts have been hampered by logistical and other issues that have prevented and will prevent the parties from being able to complete discovery by the current deadline.

First and foremost, after completing a review of the Defendant's documents in late January 2016, it became apparent to Plaintiffs that there were major sources of documents that apparently had not been searched, including email and other electronic communications. In fact, it is unclear whether any of the dozens of fact witnesses currently employed by Defendant

MOTION TO EXTEND DEADLINES - 3
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

have even been asked to provide documents or information.  *See* Ex. B (Interrogatory Response #1: indicating that only individuals other than witnesses have assisted in producing discovery responses).  Plaintiffs raised this deficiency with the Defendant orally and in writing, and on February 8, 2016, Defendant announced that it would soon be producing approximately twenty thousand additional pages of documents.  These documents were sent by FedEx on February 16, 2016, and should be received by Plaintiffs shortly.  Reviewing and synthesizing the information in these documents will likely take several additional weeks (if not months).

Second, deposition scheduling has proven unusually difficult.  Most of the key witnesses in this case are active-duty soldiers with significant time constraints who are spread all around the country, and who, as employees of the Army, cannot be contacted except through Defendant's counsel.  Moreover, many of the witnesses who are no longer active-duty military employees are incarcerated, typically in rural locations, thus making attempts to take their depositions unusually time-consuming.  Further complicating matters, the Assistant U.S. Attorney's schedule has only permitted her to attend one or two deposition days every two weeks.  Plaintiffs have scheduled multiple depositions on back-to-back days or on the same day to accomplish as much as possible within these limitations, but it is evident that conducting adequate depositions would require a significant extension beyond the current deadline.

Third, the unexpected lack of clarity in Defendant's documents and lack of knowledge by its employees have delayed Plaintiffs' investigation of this case.  For example, Plaintiffs thought, based on the documents produced, that Sgt. Scott Zipp was Pvt. Aguigui's first line supervisor was at the time of the murders.  Accordingly, Sgt. Zipp was the first deposition taken by Plaintiffs.  But in his deposition, Sgt. Zipp denied having such responsibility and could not say who had it.  The same is true for the other chain-of-command witnesses deposed

MOTION TO EXTEND DEADLINES - 4
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

thus far: Cpt. Zonie Daniels (the company commander) and Col. Justin Hadley (the battalion commander).  This seems like a basic question, that should have a readily-determinable answer, but after three depositions in three different cities, that has proven not to be the case.[2]

Finally, on February 10, 2016, Defendant orally notified Plaintiffs that it is in the final stages of preparing a motion under Fed. R. Civ. P. 12(b)(1) arguing that this court does not have subject matter jurisdiction over this case under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).  Such a motion—which under Rule 12(b) should have been filed within 60 days of the Complaint—will require Plaintiffs to divert resources from discovery to the researching and drafting of a response.  Moreover, the motion has the potential to inform whether areas of discovery need to be developed to address jurisdictional issues, potentially requiring further interrogatories or depositions.

## ARGUMENT

**I.    LEGAL STANDARDS**

A scheduling order, including any discovery deadlines, may be modified for good cause and with this Court's consent.  Fed. R. Civ. P. 16(b)(4); W.D. Wa. LCR 16(4).  Determining "good cause" "focuses on the reasonable diligence of the moving party."  *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); *see also Blough v. Shea Homes, Inc.*, No. C12-1493 RSM, 2014 WL 1400990, at *3 (W.D. Wash. Apr. 10, 2014) (moving party demonstrated good cause even when the extent of its diligence was "questionable," but neither "entirely

---

[2] Plaintiffs have attempted to obtain this and similar foundational information through interrogatories, but in almost every case, the Defendant has claimed that it is not in a better position than Plaintiffs to determine this information and has simply pointed Plaintiffs to Defendant's massive document production, asserting that the answers lie (somewhere) therein. *See, e.g.*, Ex. C at 2-3.  Notably, Defendant's first Interrogatory response indicates that none of the numerous fact witnesses available to it have been involved in the process of preparing its discovery responses.  *Id.* at 1-2.

MOTION TO EXTEND DEADLINES - 5
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

lacking" nor demonstrating "unsound" reasons for a continuance). This Court may extend the discovery period if the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Productions, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes on 1983 amendment). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

## II.  PLAINTIFFS HAVE DILIGENTLY PURSUED DISCOVERY IN THIS COMPLEX CASE

Because Plaintiffs have diligently pursued discovery, and because more time is needed, this Court should respectfully extend the period for discovery by six months. *Id.* at 609. As described above, Plaintiffs have promptly used the discovery devices available to them, including requests for production, interrogatories, and depositions. *See In re Park W. Galleries, Inc.*, No. 09-2076RSL, 2010 WL 3699916, at *1 (W.D. Wash. Sept. 15, 2010) (granting motion where "Plaintiffs have not delayed or been dilatory" in prosecuting their action); *Cf. Adams v. King Cty.*, No. C08-1296-JCC, 2009 WL 4571842, at *2 (W.D. Wash. Dec. 1, 2009) (denying motion where moving party did not use discovery devices). Moreover, as described above, the need to substantially extend the original deadline is mostly attributable to the lengthy delay preceding Plaintiffs' receipt of Defendant's initial document disclosures, combined with, *inter alia*, the need to review an additional 20,000 pages of documents Plaintiffs have still not received. Indeed, when these unanticipated delays are factored in, Plaintiffs' request for a six-month extension of the discovery deadline essentially brings the current schedule back in line with the Court's original expectations.

Moreover, to the extent that Plaintiffs have reserved the use of discovery tools, such judiciousness has been aimed at ensuring they are maximally tailored to obtain answers that so far have not been easily or clearly available from Defendant's document production and

MOTION TO EXTEND DEADLINES - 6
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

employee witnesses.  In complex cases, courts have recognized that even interrogatories served towards the close of discovery can reflect diligence and justify an extension.  *See*, *e.g.*, *Sneed v. Lira*, No. 09CV2853-W BGS, 2011 WL 1496731, at *1 (S.D. Cal. Jan. 19, 2011) (granting motion to extend, noting that moving party "likely awaited receipt of the subpoenas before serving his interrogatories in order to receive information that would allow him to propound more effective interrogatories, or determine that certain interrogatory requests were unnecessary.").  Here, Plaintiffs need the additional time to review the twenty-thousand-plus additional pages about to be produced before propounding additional interrogatories or noticing further depositions, particularly since witnesses are scattered all over the country and have sometimes proven to have far less knowledge of basic facts than expected.

In sum, Plaintiffs have not "fail[ed] to heed repeated signals, wait[ed] until the eleventh hour for tactical reasons, or otherwise act[ed] carelessly or in bad faith," thereby undermining the "good cause" for this proposed discovery extension.  *In re Cathode Ray Tube*, 2014 WL 4954634, at *2.  Instead, they have steadily reviewed Defendant's productions and regularly cooperated with Defendant, while dealing with difficult scheduling constraints and other issues beyond their control.  Especially in light of Defendant's expressed intention to file a late jurisdictional motion under Rule 12(b)(1), which will further impact and potentially shape the scope of necessary discovery, Plaintiffs respectfully submit that there is good cause for an extension of the discovery schedule by six months, and that without such an extension Plaintiffs would be significantly prejudiced.

MOTION TO EXTEND DEADLINES - 7
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court extend the deadline for discovery and all related deadlines, as specifically set forth on the proposed order accompanying this motion.

Dated: February 17, 2016

                                          Respectfully submitted,

                                   s/ Brian C. Brook
                                  BRIAN C. BROOK (admitted *pro hac vice*)
                                  CLINTON BROOK & PEED
                                  641 Lexington Avenue, 13th Floor
                                  New York, NY 10022
                                  Telephone No. (212) 328-9559
                                  Fax No. (212) 328-9560
                                  Email: brian@clintonbrook.com

                                  s/ Gerald Derevyanny
                                  GERALD DEREVYANNY (SBN: 45778)
                                  DEREVYANNY LLC
                                  840 140th Avenue NE
                                  Bellevue, WA 98005
                                  (424) 455-2291
                                  Email: jerry@derevyanny.com

                                  *Attorneys for Plaintiffs*

MOTION TO EXTEND DEADLINES - 8
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559