The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY JAHR, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA <br><br> Defendant. | No. C14-1884-MJP <br><br> **DECLARATION OF BRIAN C. BROOK IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER** <br><br> NOTED FOR CONSIDERATION: Friday, August 12, 2016 |

I, Brian C. Brook, state and declare as follows:

1. I am an attorney licensed to practice law in the State of New York and the District of Columbia, among other jurisdictions, and am a partner in the law firm of Clinton Brook & Peed. I am counsel of record for Plaintiffs in the above-captioned case, have been admitted *pro hac vice* to practice before this Court in connection with it.

2. I submit this Declaration and the exhibits attached hereto in support of Plaintiffs' Motion to Modify had Scheduling Order.

**The Previous Modifications to the Schedule Were Negotiated
Based on Specific Representations and Assumptions**

3. On February 17, 2016, Plaintiffs filed an Unopposed Motion to Extend Deadlines (the "First Motion"), seeking a six-month extension of all discovery deadlines. The

BROOK DECLARATION IN SUPPORT OF MOTION
TO MODIFY SCHEDULING ORDER - 1
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

First Motion described the history of discovery up to that point, including the significant delays in the Government's production of documents, and I incorporate those facts stated into this Declaration. The Government filed a response on February 23 asserting that it "does not agree with Plaintiffs' characterization that the United States has delayed or impeded the discovery process in this case in any manner." ECF No. 18. However, the filing did not specifically identify any "characterization" language disputed by the government, nor did it contend that any facts had been misrepresented in Plaintiff's filing.

4. On March 8, 2016, the Court held a teleconference to discuss the First Motion. I appeared on behalf of Plaintiffs, while Assistant United States Attorney Kristin Johnson appeared on behalf of Defendant.

5. During the teleconference, the Court encouraged Plaintiffs and Defendant (together, the "Parties") to take steps toward reducing discovery costs and specifically authorized conducting remote depositions through federal courthouses.

6. In light of the fact that there were dozens of fact witnesses—indeed, 78 were listed on Defendant's own Rule 26(a)(1) disclosures—most of whom were active-duty military and stationed in dozens of different locations, I repeatedly had asked Ms. Johnson to consent to Plaintiffs conducting informal telephone interviews before noticing depositions. I pointed to the fact that the Advisory Committee on the Federal Rules of Civil Procedure encouraged such steps. Each time, Ms. Johnson said she was open to it, but failed to explicitly consent or refuse. Accordingly, I was sure to raise this idea during the March 8 teleconference. Although we have not purchased the transcript of this call, my recollection is that the Court supported this request and asked Ms. Johnson whether it could devise a protocol with the Army Judge

BROOK DECLARATION IN SUPPORT OF MOTION
TO MODIFY SCHEDULING ORDER - 2
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

Advocate General ("JAG") assigned to the matter to conduct such interviews. According to my notes of the conference, Ms. Johnson replied that she had "no problem with that."

7. The Court instructed the Parties to confer about a revised schedule (including a deadline for the Defendant's then-still-unfiled Rule 12(b)(1) motion), involve the Army JAG in doing so, and submit a revised schedule within ten days. ECF No. 20.

8. On March 11, 2016, the Government emailed a proposed schedule that provided for significantly less than the six-month extension requested in the unopposed First Motion. A six-month extension would have yielded a discovery end date of September 14, 2016. However, the Government proposed an end date of June 1, 2016.

9. The Parties had a conference call on March 14, 2016. I was on the call for Plaintiffs, along with my associate, Kari Parks, who had been working essentially full-time on the discovery in this case since she joined our firm in December 2015. Ms. Johnson was on the call for Defendant, and she represented that JAG Maj. David Krynicki was on the line, but he did not participate in the discussion, even when asked direct questions by me.

10. During the March 14 call, Ms. Johnson contradicted her prior representation to this Court. She stated unequivocally that the Government refused, and would continue to refuse, to let Plaintiffs' counsel to interview potential witnesses by phone before noticing depositions. My notes reflect her verbatim statement to me: "You don't just get to call around and interview numerous Army officials."

11. During the March 14 call, I also expressed concern that neither Ms. Johnson nor anyone in the Army's JAG office had talked to any fact witnesses to help Defendant fulfill its discovery obligations, including responses to both interrogatories and document requests. In

BROOK DECLARATION IN SUPPORT OF MOTION
TO MODIFY SCHEDULING ORDER - 3
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

1  response, Ms. Johnson stated, "I am not aware of a rule that tells me who I have to talk to to respond to discovery requests."

12. Chief among the document discovery yet to be done by Defendant at that point was a search for responsive emails, which apparently had not previously been done despite the fact that the Federal Rules have been updated for the 21st century and Plaintiffs' May 2015 document requests had explicitly requested emails. *See* First Motion, ECF No. 17, at 3-4.

13. During the March 14 call, the Parties negotiated the specifics of the discovery schedule per this Court's instruction. Plaintiffs reluctantly agreed to a shorter discovery schedule than the six-month extension they had requested from this Court in the First Motion. This agreement was reached based on Ms. Johnson's commitment to producing all outstanding document discovery by June 1, 2016. She explained that that was the date when Maj. Krynicki was leaving his current post and would not be available to provide any further assistance. Ms. Johnson told Plaintiffs that Maj. Krynicki's departure meant that any requests for email searches had to be given to the Government by May 1, 2016. I advised Ms. Johnson that Plaintiffs would provide lists of custodians and search terms but that, in our view, the Government still had an obligation to undertake some effort to determine appropriate custodians and search terms on its own—especially considering the Government's refusal to permit Plaintiffs to conduct informal interviews of its own. As explained below, because the Government has refused to provide us with information about the search efforts it actually performed, we do not know whether anyone did so. We do not even know whether the search terms that we sent were used.

14. Although Ms. Johnson committed to producing documents by June 1, I explained that we could not agree to that being the discovery end date. We needed to have the

BROOK DECLARATION IN SUPPORT OF MOTION
TO MODIFY SCHEDULING ORDER - 4
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

opportunity to review those documents before conducting remaining depositions.  Moreover, we needed time to be able to propound additional discovery requests, including interrogatories, and to file discovery motions if need be, if the Government's production proved to be inadequate.  Accordingly, Ms. Johnson consented to a schedule that afforded Plaintiffs more than 30 days to review the documents before the deadline to serve further requests or to file discovery motions.

15.    Also during the March 14 call, I raised the issue of needing to make sure that there was time built into the schedule that would allow for Plaintiffs to conduct discovery after the decision is rendered on the Government's intended Rule 12(b)(1) motion, which was supposed to have been filed before discovery even began.  To that end, Ms. Johnson agreed to an earlier deadline (April 1) for her to file that motion than she had requested (May 6).  Without committing to anything specific, the Parties also discussed that discovery may need to be extended further if the Court was unable to rule on that motion within a couple months of briefing being completed.

16.    Ms. Johnson circulated a revised draft Stipulation and Proposed Order on the afternoon of March 14.  I responded two hours later with my edits, including a request to make clear that Plaintiffs' agreement to this shorter schedule was premised on having the opportunity to conduct discovery after a ruling on the Rule 12(b)(1) motion.  Ms. Johnson later objected to some of my changes:

> I have reviewed it. There are two things I do not agree with.
>
> 1. The following statement needs to be removed. I do not agree with it. It may be your objective, but it is not mine:
>    > One objective of the agreed-upon schedule is to afford the Plaintiffs opportunity to complete discovery in this matter after the Court rules on the Defendant's anticipated Rule 12(b)(1) motion. To the extent necessary based on the timing and content of the Court's decision, the

BROOK DECLARATION IN SUPPORT OF MOTION
TO MODIFY SCHEDULING ORDER - 5
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

> Plaintiffs may request a further extension of time to complete discovery.
>
> You can leave the last sentence, so long as you include a statement that defendants reserve the right to oppose any such motion.
>
> 2. The deadline for 12(b)(1) motions should apply to both Parties.

Ex. 4. I agreed to Ms. Johnson's first requested change and filed the proposed schedule, which included a discovery motions deadline of July 8, 2016. *See* ECF No. 21.

17. On March 21, 2016, this Court entered a revised schedule, adopting the various discovery deadlines proposed by the Parties after negotiation, but setting a trial date for February 2017 rather than December 2016, as had been proposed by the Parties in view of the discovery deadlines. ECF No. 22.

### The Government Failed to Produce Remaining Documents on Time, Due in Part to Technical Problems

18. Based on Ms. Johnson's representations about having a limited timeframe for emails to be reviewed and produced, Plaintiffs quickly sent Ms. Johnson and Maj. Krynicki a list of initial custodians and proposed search terms that was tailored to that group of custodians on March 18, 2016. In that same correspondence, I reiterated our position that the Government still had an obligation to identify other custodians and search terms, among other things. I also conveyed Plaintiffs' request that Defendant follow procedures in the document review and production that are, in our experience, standard practice:

1. Produce entire email chains that turn up with search terms, not just individual messages
2. Identify where the emails were stored, how they were retained, how they were retrieved, and who had access to be able to delete emails, and when that access was available
3. Any documents that come up on these search terms and are potentially responsive, but which are withheld on any basis (privilege, classified, etc.) must be logged

BROOK DECLARATION IN SUPPORT OF MOTION
TO MODIFY SCHEDULING ORDER - 6
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

    4. If you are unable to retrieve any emails for a custodian during the relevant time frame, state the reason(s) why.

Ex. 5.

    19. Although it is customary to confer about such proposals, the Government did not respond to my March 18 email or attachment. We assumed that this was because Ms. Johnson was focused on her Rule 12(b)(1) motion, and soon after receiving that on April 1, our attention turned to that as well.

    20. On April 18, 2016, the Government produced additional documents to Plaintiffs. This included 24 pages of emails, all from 2013—two years after the events at issue in this case. Those emails appeared to be scans of hardcopy printed emails.

    21. Despite the absence of any feedback from the Government regarding our March 18 submission, we adhered to Ms. Johnson's deadline of May 1 for the submission of email search requests. We were encouraged by the absence of any objections to our prior suggestions and procedure specifications, and therefore adhered to that same model. Accordingly, my partner on this matter, Matthew Peed, sent a list of additional custodians, and the tailored search terms we proposed to be used with them, via email on May 1, 2016. Ex. 6.

    22. The next set of documents Defendant produced was sent on May 24, 2016. This included email files for custodians identified by Plaintiffs in my March 18 correspondence. I was on vacation at the time, but Ms. Parks began processing and reviewing the materials received. Promptly after my return on June 2, 2016, I examined the materials myself, and identified serious production errors.

    23. On June 3, 2016, I emailed Ms. Johnson to inform her of the most obvious problem: the emails were uniformly truncated after the first hundred words or so, and all

BROOK DECLARATION IN SUPPORT OF MOTION
TO MODIFY SCHEDULING ORDER - 7
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

attachments were missing. Ex. 7. Ms. Johnson advised that she would look into it on her end. *Id.*

24. As reflected in the series of emails attached to this Declaration, it took ten days of back-and-forth before the Government conceded there was a production problem and that a complete replacement production was needed. *Id.*

25. Throughout this process, we have been patient with the Government and its technological difficulties. We also have taken into consideration Defendant's losses of important personnel, including Maj. Krynicki, as well as the U.S.A.O. paralegal who had been assigned to this case.

26. Based on the understanding that the Government took responsibility for its document production errors and intended to consent to extensions of the discovery deadlines, Plaintiffs have awaited some kind of an indication from the Government as to a firm date by which the email document production would be corrected and completed. In my view, it was reasonable not to commit to a specific revised schedule *before* having a clear understanding of the Government's problems and a reasonable basis to believe that they were fixed.

27. Nonetheless, as the current discovery deadline got closer, I grew increasingly concerned about the absence of progress being made by the Government. I sent a series of emails to Ms. Johnson on the schedule and production issues, and attempted to speak with her by phone on July 8—the discovery motions deadline—only to get her voicemail. Finally, on July 18, 2016, I simply proposed a schedule based on Ms. Johnson's representation about when we would receive the email production.

BROOK DECLARATION IN SUPPORT OF MOTION
TO MODIFY SCHEDULING ORDER - 8
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

28. After she failed to reply, I sent a follow-up on July 19, 2016: "Kristin, Please let me know whether this proposed schedule works for you, or if you'd rather wait a few more days to see if you get the Army's documents as promised."

29. Ms. Johnson finally responded on the afternoon of July 20, informing us that the USAO had finally received emails from the Army, but that they were "still sorting through it trying to make heads or tails out of it." Despite these remarks—which strongly suggested to us that the email production would be far from helpful to resolving outstanding issues—Ms. Johnson said that she was "not inclined" to extend either the discovery motions deadline or to permit any discovery besides three depositions.

30. Despite feeling ambushed at this response to our trust that the Government's email production was delayed in good faith, I responded that same day to ask Ms. Johnson to reconsider her position. I laid out the reasons why she should do so in detail. I realized that she had many cases and may not have remembered the circumstances of this one. Among other things, I reminded Ms. Johnson that we were in this position because of the Government's delays, which were still not rectified.

31. After receiving no response to my July 20 email, Ms. Parks and I called Ms. Johnson on July 21 and once again got her voicemail. We left a message and I followed up with an email asking to speak with her about whether she would reconsider her position or if we needed to file a motion.

32. Ms. Johnson did not return our call, but she replied to my email asking to speak with her at 1:06 AM Eastern time on July 22, advising that she was unavailable before Monday July 25. She indicated openness to changing her position by saying "let's do a 26f conference on Monday and figure this out."

BROOK DECLARATION IN SUPPORT OF MOTION
TO MODIFY SCHEDULING ORDER - 9
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

33. During a July 25, 2016 teleconference with Mr. Peed, Ms. Parks, and me for Plaintiffs, Ms. Johnson stated unequivocally that she would not reconsider her position on discovery deadlines, and that she would still only agree to allow three depositions to occur. Out of concern that Ms. Johnson had not read my email explaining why that position was unreasonable, I reiterated the points I had made in an effort to try to avoid burdening this Court with this dispute.

34. During the July 25 call, I also asked Ms. Johnson—once again—when Plaintiffs could expect to receive the emails Ms. Johnson had long been promising to produce. Ms. Johnson responded that she did not know because "they're still transferring them all to PDFs, so . . ." I pressed for a firmer answer about when Plaintiffs should anticipate the emails, to which she replied, "No idea. They're transferring the format." Ms. Johnson also informed us—for the first time—that apparently large quantities of emails had been deleted. I explained that we need to understand what has been deleted, and when. I asked if Ms. Johnson would provide that information voluntarily, as we had long ago requested (and to which she had never objected). Ms. Johnson refused to do so without a formal discovery request tailored to that, even though she had proposed the informal process that Plaintiffs proceeded under in their March 18 and May 1 correspondence. I again explained that this was why we needed other discovery deadlines extended, and Ms. Johnson did not budge. Ms. Johnson's position was firm: she would not provide any such information regarding the preservation, collection, and production of documents unless the Court orders an extension of discovery that allows Plaintiffs to propound more formal discovery requests.

35. On July 27, 2016, Plaintiffs received the first set of re-processed emails from the Government. Only one of the custodians from my March 18 correspondence was included in

BROOK DECLARATION IN SUPPORT OF MOTION
TO MODIFY SCHEDULING ORDER - 10
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

this production, however, and even as to him there are still numerous missing attachments, and other pages that have been improperly processed and are unreadable, including large images so compressed onto a single page that they are illegible. Furthermore, the Government did not format the production to be searchable, despite Plaintiffs' request to the contrary.

36. As of this date, the Government has still not committed to a deadline for completing its production, which was supposed to have been completed by June 1, 2016.

37. The Government has not remediated numerous other deficiencies identified by Plaintiffs prior to the last discovery extension.

## Exhibits Attached to this Declaration

38. Attached as Plaintiffs' Exhibit 1 is a true and correct copy of a Letter from Brian Brook to Kristin Johnson dated February 1, 2016.

39. Attached as Plaintiffs' Exhibit 2 is a true and correct copy of an Email from Brian Brook to Kristin Johnson dated February 16, 2016.

40. Attached as Plaintiffs' Exhibit 3 is a true and correct copy of an Email from Beth Johnson to Brian Brook dated March 11, 2016.

41. Attached as Plaintiffs' Exhibit 4 is a true and correct copy of Emails between the Parties regarding the draft stipulation, dated March 14, 2016 through March 17, 2016.

42. Attached as Plaintiffs' Exhibit 5 is a true and correct copy of an Email from Brian Brook to Kristin Johnson dated March 18, 2016.

43. Attached as Plaintiffs' Exhibit 6 is a true and correct copy of an Email from Matthew Peed to Kristin Johnson dated May 1, 2016.

44. Attached as Plaintiffs' Exhibit 7 is a true and correct copy of Emails between the Parties regarding truncated emails, dated from June 3, 2016 through June 10, 2016.

BROOK DECLARATION IN SUPPORT OF MOTION
TO MODIFY SCHEDULING ORDER - 11
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559

45. Attached as Plaintiffs' Exhibit 8 is a true and correct copy of Emails between the Parties regarding technical production problems, dated from June 3, 2016 through June 13, 2016.

46. Attached as Plaintiffs' Exhibit 9 is a true and correct copy of Emails between the Parties regarding production of emails, dated from June 22, 2016 through July 12, 2016.

47. Attached as Plaintiffs' Exhibit 10 is a true and correct copy of Emails between the Parties regarding modifying discovery deadlines, dated from July 18, 2016 through July 22, 2016.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. I am aware that if they are willfully false, I am subject to punishment.

Dated: New York, New York
July 28, 2016

/s/ Brian C. Brook
Brian C. Brook

BROOK DECLARATION IN SUPPORT OF MOTION
TO MODIFY SCHEDULING ORDER - 12
(C14-1884-MJP)

CLINTON BROOK & PEED
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 328-9559