UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY JAHR, et al., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No. 2:14-cv-01884-BJR <br><br> ORDER GRANTING TRACY JAHR AND W. BRETT ROARK'S MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(B) |

**ORDER**

Plaintiffs Tracy Jahr, W. Brett Roark, (hereinafter, "Jahr/Roark") Brenda Thomas, and Timothy Lee York (hereinafter, "Thomas/York") brought this wrongful death action under the Federal Tort Claims Act (FTCA) alleging negligence by the United States Army that resulted in the murder of their children, Michael Roark and Tiffany York. On August 11, 2016, the Court granted the Government's motion to dismiss the claims of Plaintiffs Jahr/Roark, ruling that those claims were barred under the *Feres* doctrine. Dkt. 31. Roark's parents, Tracy Jahr and W. Brett Roark, now move pursuant to Federal Rule of Civil Procedure 54(b) for entry of final judgment as to their claims. The Government opposes this Motion, arguing that the Court should defer

1

entry of final judgment until it rules on the Government's pending motion for summary judgment on the Thomas/York claims in order to avoid "piecemeal appeals in this matter." Dkt. 41.

"When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "In deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). The Court is mindful of the Government's concern regarding piecemeal litigation, and, ordinarily, such a concern would militate in favor of deferring appeal until a case may be considered as a "single unit[]." *Id.* at 10. But where, as here, the Court has dismissed certain plaintiffs without considering the merits of their underlying claims, there is no just reason to deny them the opportunity to appeal what would, but for the existence of other plaintiffs, be a final judgment.

The adjudication of the *Feres* issue has no bearing on the merits of the Thomas/York claims, and, likewise, the adjudication of the Thomas/York claims will have no preclusive effect on the eventual resolution of the Jahr/Roark claims. Furthermore, the Government's delay in providing discovery has resulted in substantial delay in the final disposition of the Thomas/York claims as well as in postponement of the trial date. Thus, it is apparent that the *Feres* issue that Plaintiffs Jahr/Roark wish to appeal would not be resolved for some time to come. The Court finds there is no just reason for delaying the Jahr/Roark appeal and directs that final judgment be entered dismissing the claims of those Plaintiffs and certifying them for immediate appeal.

Therefore, it is HEREBY ORDERED that:

(1) Tracy Jahr and W. Brett Roark's Motion for Entry of Final Judgment [Dkt.38] is GRANTED; and
(2) Final judgment shall be entered dismissing the claims of Tracy Jahr and W. Brett Roark in accordance with the Court's prior order of dismissal [Dkt. 31].

Dated this 6th day of December, 2016.

*Barbara J. Rothstein*
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE